FILED

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOSEPH POETT                         :
7417 Parkwood Drive
St. Louis, MO 63116-2139             :
      Plaintiff,

v.                                   :        Case No. _____

U.S. DEPARTMENT OF                   :        Case: 1:08-cv-00622
JUSTICE                                       Assigned To : Kollar-Kotelly, Colleen
Serve: Attorney General of           :        Assign. Date : 4/10/2008
The United States                             Description: FOIA/Privacy Act
950 Pennsylvania Avenue N.W.          :
Washington, D.C. 20530-0001
      Defendant.               :

## COMPLAINT

For his complaint, Plaintiff, Joseph Poett, alleges as follows:

### NATURE OF THIS ACTION

1.     This is a Freedom of Information Act ("FOIA") action that seeks declaratory and injunctive relief in light of the failure of the United States Department of Justice to release documents to Joseph Poett as required by law.

### JURISDICTION

2.     This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 5 U.S.C. Section 552(a)(4)(B).

### VENUE

3.     Venue is appropriate in this Court pursuant to 5 U.S.C. section 552 (a)(4)(B).

### PARTIES

4.     The Plaintiff, Joseph Poett, is a chemist employed by the United States

Department of Agriculture in St. Louis, Missouri.

5.    The Defendant, the United States Department of Justice, is a governmental Agency empowered to administer the provisions of **FOIA** with offices in the District of Columbia.

### FACTUAL BACKGROUND

6.    Joseph Poett is a Chemist employed by the United States Department of Agriculture in the Food and Safety and Inspection Service located in St. Louis Missouri. Joseph Poett is married and has a family to support.

7.    On September 11, 2006, Joseph Poett was placed on Administrative Leave on the grounds he had been denied access to Select Agents and Toxins based upon information provided by the U.S. Attorney General's Office that Joseph Poett was suspected of "knowing involvement with an organization that engages in intentional crimes of violence", See Exhibit 1(a) for a copy of that Notice attached hereto and made a part hereof.  The Administrative Leave restriction was subsequently lifted, and Joseph Poett remains employed, but is not permitted access to Select Agents and Toxins when performing his duties as a Chemist.

8.    The restriction of denying him access to Select Agents and Toxins and the accusation that Joseph Poett is knowingly involved with an organization that engages in intentional crimes of violence casts a pall over his current employment; is an impediment to career advancement, and jeopardizes his current and future employment.

9.    Joseph Poett has never been knowingly involved with any organization that engages in intentional crimes of violence.  In an effort to clear his name, Joseph Poett filed a **FOIA** request on June 21, 2007 seeking to ascertain the identity of the

2

organization he was allegedly involved with, the acts he allegedly took, and the dates and times of the alleged actions he took. See Exhibit "1" attached hereto and made a part hereof for the **FOIA** request submitted.

10. On August 1, 2007 the Federal Bureau of Investigation acknowledged receipt of the **FOIA** request. See Exhibit "2" for a copy of that letter attached hereto and made a part hereof.

11. On October 15, 2007 the Federal Bureau of Investigation responded to Joseph Poett's **FOIA** request. The F.B.I. did not provide any of the information Joseph Poett requested. Rather the F.B.I. submitted six pages of documents which consisted of (a) Explanation of Exemptions from Title 5 United States Code, Section 552; (b) Background information regarding the law that permits Bioterrorism Risk Assessment Matters; ( c) Criteria for adjudging a Candidate a Risk; (d) Criteria used to make a determination a Candidate was a risk. See Exhibit "3" attached hereto and made a part hereof for a copy of the FBI's response to Joseph Poett's **FOIA** request.

12. On October 26, 2007 Joseph Poett filed an administrative Appeal regarding the denial of Joseph Poett's **FOIA** request. See Exhibit "4" attached hereto and made a part hereof for a copy of Joseph Poett's **FOIA** Appeal.

13. On December 31, 2007 the U.S. Department of Justice affirmed the Decision of the F.B.I. to deny Joseph Poett permission to review the records he requested on the ground the records were exempt from disclosure, See Exhibit "5" attached hereto and made a part hereof for a copy of the denial of the Appeal.

14. By way of background information Joseph Poett after having worked for a period of years as a Chemist at USDA was assigned a Supervisor who was difficult to

3

work with. There was an administrative proceeding, and a Hearing was scheduled. Because Joseph Poett disliked working with the Supervisor he entered into an Agreement wherein he agreed to voluntarily resign from his position and in exchange all job references given on his job performance were to be neutral.

15.     After resigning, Joseph Poett applied for many Chemist positions, and even though qualified was not hired. He began to suspect the job references being given by the USDA to his prospective employers were not neutral. He obtained evidence that this was so and instituted administrative proceedings to have the Agreement set aside. When he was not successful in the Administrative proceedings, he appealed to the Federal Court.

16.     Joseph Poett prevailed on the appeal. USDA was ordered to reinstate Joseph Poett in his Chemist position with the USDA and USDA was ordered to pay to Joseph Poett all monies he would have earned had his employment not been terminated.

17.     After Joseph Poett resumed his job as a Chemist with USDA a supervisor there began to sabotage his work. To berate him, denigrate his job abilities, demand he perform chemical analysis in 24 hours when the USDA procedures required 48 hours to complete the analysis, inter alia.

18.     After Joseph Poett sought the services of legal counsel in the matter, the Supervisor ceased engaging in the behavior set forth above.

19.     It was not long after that Supervisor's behavior ceased that Joseph Poett received the September 11, 2006 Notice he was placed on Administrative Leave due to being suspected of having a knowing involvement with an organization that engages in intentional crimes of violence.

4

20.    The Federal Bureau of Investigation in denying Joseph Poett's **FOIA**

request to be apprised of what terrorist organization he allegedly interacted with, the dates

and times of such alleged interaction, and the actions he allegedly undertook invoked four

exemptions to disclosure pursuant to 5 U.S.C. 552a (b). These are:

(a)    5 U.S.C. 552a (b)(2) Claiming the information sought related solely to the

internal personnel rules and practices of an Agency.

(b)    5 U.S.C. 552a (b)(6) Claiming the information sought related to personnel

and medical files and similar files the disclosure of which would constitute a clearly

unwarranted invasion of personal privacy.

(c )    5 U.S.C. 552a (b)(7)C Claiming the information sought related to records

or information compiled for law enforcement purposes, but only to the extent that the

production of such law enforcement records or information could be reasonably expected

to constitute an unwarranted invasion of personal privacy.

(d)    5 U.S.C. 552a (b)(1) Claiming the information sought was specifically

authorized under criteria established by Executive order to be kept secret in the interest of

national defense or foreign policy and (B) are in fact properly classified to such Executive

order.

21.    The F.B.I. failed to demonstrate in its denial how the records requested by

Joseph Poett fit any of the exemptions claimed. For example in the (a) exemption

claimed supra, Plaintiff did not seek to learn about any personnel rules or practices. Nor

does exemption (b) claimed supra, apply as Joseph Poett sought no personnel, medical

files or similar files the disclosure of which would invade anyone's privacy. Likewise

exemption (b)(7) C does not apply since Joseph Poett did not seek to review records

5

compiled for law enforcement purposes that might constitute an invasion of someone's privacy. Finally the F.B.I. Failed to demonstrate how providing Joseph Poett with information about his alleged knowing involvement with an organization that engages in intentional crimes of violence would violate an Executive Order to keep secret information necessary to national defense or foreign policy. Simply reciting an exemption as reason to deny an **FOIA** request without more does not demonstrate how the F.B.I. is entitled to withhold documents.

22.    The United States Department of Justice did not demonstrate in affirming the Decision of the F.B.I that the U.S. Department of Justice was entitled to withhold the information requested by Joseph Poett. The U.S. Department of Justice reiterated the same exemptions claimed by the F.B.I. and added another exemption, U.S.C. Title 5-552a(j)(2), without demonstrating its entitlement to claim it. U.S.C. Title 5-552a (j)(2) is a general exemption that exempts records maintained by an Agency that contains information compiled for a criminal investigation including reports of agents or informants associated with an identifiable individual.

23.    The government bears the burden of proof to justify invoking an exemption, See Halpern v. Federal Bureau of Investigation, 181 F.3d 279 (2nd Cir. 1999).

24.    Exemptions do not apply when the requester is the subject of the report being sought as in this pending case, See, U.S. Department of Justice v. Julian, 486 U.S. 1, 8 (1988); F.B.I. V. Abramson, 456 U.S. 615, 621 (1982).

25.    In responding to an FOIA request, the agency has been expressly directed by Congress to delete the exempt portions of the documents requested and provide the remainder, F.B.I. V. Abramson, 456 U.S. 615 (1982). In this case the F.B.I. And the U.S.

6

Department of Justice refused to produce any records requested by Plaintiff. Nor did the

F.B.I or the U.S. Department of Justice delete exempt portions of the records requested

and provide the remainder as required by law.

26.    In responding to Joseph Poett's **FOIA** request the F.B.I. And the U.S.

Department of Justice did not provide a *Vaughn* Index ( *Vaughn v. Rosen*, 484 F.2d 820,

826-27 (D.C. 1973) identifying which responsive documents have been withheld pursuant

to claims of exemptions.

## COUNT ONE

### (Failure to Provide Documents Responsive to FOIA Requests)

27.    Joseph Poett incorporates by reference paragraphs 1 through 26 as though

fully set forth herein.

28.    Pursuant to **FOIA,** "each agency, upon any request for records which (i)

reasonably describes such records and (ii) is made in accordance with published rules

stating the time, place, fees (if any), and procedures to be followed, ***shall*** make the

records promptly available to any person." 5 U.S.C. Section 552(a)(3)(A) (emphasis

added).

29.    Joseph Poett made **FOIA** requests for records that reasonably described

the records he sought and were in accordance with published rules of the Department of

Justice. Nonetheless, the U.S. Department of Justice has failed to provide documents in

its possession that are responsive to the **FOIA** requests and failed to identify a legitimate

statutory exemption that would entitle it to withhold responsive records.

30.    By failing to produce records in response to Joseph Poett's **FOIA** request

without adequate justification, the U.S. Department of Justice has violated the

requirements of **FOIA**.

## COUNT TWO

## (Failure to Provide A *Vaughn* Index)

31.    Plaintiff incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32.    Pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 823-27 (D.C. Cir. 1973), and its progeny, an agency that seeks to withhold information in response to an **FOIA** request must provide a *Vaughn* index, consisting of a "relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." *Mead Data Central, Inc. v. United States Department of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).

33.    By failing to provide a *Vaughn* index, the U.S. Department of Justice has violated the requirements of **FOIA**.

## DEMAND FOR RELIEF

**WHEREFORE**, Joseph Poett respectfully prays for an order of this Court:

(a)    entering judgment in favor of Joseph Poett;

(b)    declaring that the U.S. Department of Justice has violated **FOIA**;

(c )    ordering the U.S. Department of Justice to prepare a *Vaughn* index of materials it proposes to withhold and share such index with Joseph Poett;

(d)    ordering the U.S. Department of Justice to produce to Joseph Poett all documents that are responsive to Joseph Poett's **FOIA** request;

(e)    assessing against the U.S. Department of Justice reasonable attorneys fees

and other litigation costs reasonably incurred by Joseph Poett in

prosecuting this case; and

(f)     issuing such further relief as the Court deems just and proper.

Respectfully submitted,

Joan A. Harvill (D.C. Bar No. 309112
Attorney for the Plaintiff
1629 K. Street N.W.
Suite 300
Washington, D.C. 20006
Tele:    (202) 466-6346
Fax:     (202) 331-3759
E-mail:  Abogadaxyz@aol.com

CIVIL COVER SHEET
JS-44
(Rev.1/05 DC)
Case 1:08-cv-00622-CKK   Document 1-2   Filed 04/10/2008   Page 1 of 2
08-622
CKK

## I (a) PLAINTIFFS

JOSEPH POETT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___MO___
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Joan A. Harvill, Esq.
1629 K. St. N.W., Suite 300
Washington, D.C. 20006

## DEFENDANTS

UNITED STATES DEPT. OF JUSTICE

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___D.C___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR

Case: 1:08-cv-00622
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/10/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☒ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ☐ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☒ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☒ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (If not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☐ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (If Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

5 U.S.C. 552(a)(4)(B) ~~Denied Access to Select Agents~~ & Toxins in position as a Chemist for USDA for unwarranted reasons which gov. refuses to divulge

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 **DEMAND $** Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) 1:07-cv-01374 Case: 1:07-cv-013 ☒ YES ☐ NO If yes, please complete related case form.

DATE 4-4-08 / 10 SIGNATURE OF ATTORNEY OF RECORD *Iva A. Hantle*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

\forms\js-44.wpd



**EXHIBIT 1(a)**

| United States Department of Agriculture | Food Safety and Inspection Service | Labor & Employee Relations Division | 1400 Independence Ave., SW Room 3175 South Bldg. Washington, DC  20250 (202) 720-5657 |
|---|---|---|---|
| | | Employee Relations Branch | (202) 690-3938 fax (800) 217-1886 toll-free |

FOR OFFICIAL USE ONLY                                    September 11, 2006

Joseph R. Poett
Chemist
Midwestern Laboratory
St. Louis, MO

THROUGH:  James Hess, Director, Midwestern Laboratory *[signature]*

SUBJECT:  Administrative Leave

Dear Mr. Poett:

This official notice is to inform you that you hereby are being placed in an administrative leave status effective immediately upon your receipt of this notice.

On March 30, 2006, the Midwestern Laboratory submitted to the Center for Disease Control and Prevention (CDC) a revision of the APHIS/CDC Form 1, Application for Laboratory Registration for Possession, Use, and Transfer of Select Agents and Toxins. This revision was submitted in order for you to perform specifics duties of your position.

On September 6, 2006, the Department of Health and Human Services notified the Food Safety and Inspection Service that you have been denied access to Select Agents and toxins based on information provided by United States Attorney General. Specifically, the Attorney General has identified you as being suspected by any Federal law enforcement or intelligence agency of having a knowing involvement with an organization that engages in intentional crimes of violence. As a result of this and until this matter can be resolved, you are hereby on administrative leave.

Additionally, you are directed:

- To remain in an administrative leave status until such time as you are directed otherwise.
- To report in by phone to the Labor and Employee Relations Division at (800) 217-1886 once each day that would be a normally scheduled work day for you if you were in a work status. This call must be made between 8:00 a.m. and 10:00 a.m., unless your supervisor directs you otherwise. The purpose of this call will be to make you available should your supervisor need to address any topic with you or direct you to report for any purpose.
- To not report to nor enter any USDA facility or any poultry, egg, or beef plant inspected, reviewed, or overseen by the Food Safety and Inspection Service, unless and until you are directed otherwise.

Mr. Joseph R. Poett                 For Official Use Only                                2

- To not have any contact with any USDA or FSIS employee for the purpose of filing or assisting you with any grievance or appeal unless you first have obtained permission from your immediate supervisor.
- To surrender, before leaving the premises, any government issued property in your possession or that has been issued to you, including the government vehicle and vehicle key, USDA/FSIS credentials and/or badges, office keys, government issued credit card, government issued phone card, cell phone, and laptop computer.
- Further, if you have any business related materials, documents, in any other location such as your residence, you are required to make arrangements with your supervisor before leaving the premises to make arrangements for surrendering such items.

Sincerely,

Kristie D. Kelm
Chief, Employee Relations Branch

cc:          Tia Gayle, WPVPRP
             Robinn Reed, Director, LERD

**EXHIBIT 1**

## INTERNATIONAL LAW CENTER
## JOAN A. HARVILL ATTORNEY AT LAW

Tele: (202) 466-6346
Fax: (202) 331-3759
E-mail: Abogadaxyz@aol.com
Member D.C. Bar
Member Texas Bar

1629 K. Street N.W.
Suite 300
Washington, D.C. 20006

2217 Princess Anne Street
Suite 218-1
Fredericksburg, Virginia 22401
Tele: (804) 224-9900
Fax:   (804) 224-4038

June 21, 2007

Federal Bureau of Investigation
CJIS Division
Module E 3
Attn:  FOIA Office
1000 Custer Hollow Road
Clarksburg, West Virginia 26306-0147

Re:     Freedom of Information Act Request
        Petitioner: Joseph Poett
        SSN: 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
        DOB: 09/20/1957

Dear FOIA Officer,

      Please be advised this law office has been retained by Joseph Poett to conduct a Freedom of Information Act request on behalf of Joseph Poett.  Enclosed is a copy of a Notarized Statement signed by Joseph Poett authorizing you to release the Documents requested to my law office.

      Joseph Poett is a Chemist employed by the U.S. Department of Agriculture in the Food and Safety and Inspection Service located in St. Louis, Missouri. Joseph Poett is a long time employee of the U.S. Department of Agriculture.  Joseph Poett is forty nine years old.  He is married and has a young daughter to support.

      On September 11, 2006, Joseph Poett was served with a letter placing him on

08  0622

FILED

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Administrative Leave on the grounds he had been denied access to Select Agents and Toxins based upon information provided by the U.S. Attorney General's Office that Joseph Poett was suspected of knowing involvement with an organization that engages in intentional crimes of violence.

An Appeal of that denial of access to select agents and toxins was filed by mail on September 18, 2006. In June, 2007 the Decision to deny Joseph Poett access to select agents and toxins was affirmed based upon information provided by CJIS.

In order for Joseph Poett to defend himself against the charge of knowing involvement with an organization that engages in intentional crimes of violence, it is necessary that he be apprised of the date or dates, time or times, place or places of his alleged involvement with said organization and a description of what acts he allegedly engaged in that made him suspect. Also the identity of the Organization Joseph Poett was allegedly involved with is necessary.

Upon receipt of this Freedom of Information Act Request, please provide all documents, and information in your possession or utilized by you in reaching the Decision to deny Joseph Poett access to select agents and toxins as set forth herein.

Please notify my law office of your fee for production of this information.

If there are any questions regarding the foregoing, please contact my law office. Thank you for your prompt attention to this matter.

Sincerely,

Joan A. Harvill

Enc: As Stated
Ccc: Joseph Poett

**EXHIBIT 2**



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

August 1, 2007

MS. JOAN A. HARVILL
SUITE 300
1629 K STREET NORTHWEST
WASHINGTON, DC 20006

Request No.: 1086350- 000
Subject: POETT, JOSEPH

Dear Requester:

☒   This acknowledges receipt of your Freedom of Information-Privacy Acts (FOIPA) request
to the FBI Headquarters from the CJIS Division. The FOIPA number listed above has
been assigned to your request.

☐   For an accurate search of our records, please provide the complete name, alias, date and
place of birth for the subject of your request. Any other specific data you could provide
such as prior addresses, or employment information would also be helpful. If your
subject is deceased, please include date and proof of death.

☐   To make sure information about you is not released to someone else, we require your
notarized signature or, in place of a notarized signature, a declaration pursuant to Title
28, United States Code 1746. For your convenience, the reverse side of this letter
contains a form which may be used for this purpose.

☐   If you want the FBI's Criminal Justice Information System (CJIS) to perform a search for
your arrest record, please follow the enclosed instructions in Attorney General Order
556-73. You must submit fingerprint impressions so a comparison can be made with the
records kept by CJIS. This is to make sure your information is not released to an
unauthorized person.

☒   We are searching the indices to our central records system at FBI Headquarters for the
information you requested, and will inform you of the results as soon as possible.

☐   Processing delays have been caused by the large number of requests received by the
FOIPA. We will process your request as soon as possible.

Your request has been assigned the number indicated above. Please use this number in all
correspondence with us. Your patience is appreciated.

Sincerely yours,

08 0622

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

**FILED**

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT 3**



U.S. Department of Justice

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 15, 2007

MS. JOAN A. HARVILL
SUITE 300
1629 K STREET NORTHWEST
WASHINGTON, DC 20006

Request No.: 1086350- 000
Subject: POETT, JOSEPH

Dear Requester:

The records that you have requested were previously processed under the provisions of the Freedom of Information Act for another requester.

Enclosed are 5 pages of documents pertaining to your request and a copy of the explanation of exemptions.

You may submit an appeal from any denial contained herein by writing to the Office of Information and Privacy, U.S. Department of Justice, 1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001, within sixty days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal" or "Information Appeal." Please cite the FOIPA number assigned to your request so that it may be easily identified.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)

08 0622

# FILED

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)    (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)    related solely to the internal personnel rules and practices of an agency;

(b)(3)    specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)    trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)    inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)    personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal  privacy;

(b)(7)    records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)    contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)    geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)    information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)    material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control,  or reduce crime or apprehend criminals;

(k)(1)    information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)    investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)    material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)    required by statute to be maintained and used solely as statistical records;

(k)(5)    investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)    testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)    material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

SECRET

01-31-2003)

# FEDERAL BUREAU OF INVESTIGATION

**Precedence:** PRIORITY                              **Date:** 05/31/2006

**To:** St. Louis

**From:** CJIS
       Programs Development Section, CJIS Division
       Intelligence Group, Module E3, WV
       **Contact:**

b2
b6
b7C

**Approved By:**



**Drafted By:**

**Case ID #:** 322-HQ-C1502075-SRA

**Title:** BIOTERRORISM RISK ASSESSMENT MATTERS,
        ASSESSMENTS

**Synopsis:** Request for review of case information pertaining to the listed candidate of a CJIS security risk assessment against the listed Bioterrorism Prohibitors.

**Details:**

## BACKGROUND

The Public Health Security and Bioterrorism Preparedness and Response Act of 2002 (Bioterrorism Act), Public Law 107-188, was enacted on 06/13/2002. Under this act, the U.S. Department of Agriculture (USDA) and the U.S. Department of Health and Human Services (HHS), in consultation with the U.S. Attorney General (AG), established appropriate safeguards and security requirements for persons possessing, using, or transferring specifically regulated biological agents and/or toxins. During April 2003, the AG tasked the CJIS Division with conducting database security risk assessments on candidates and entities who have contact with these biological agents and/or toxins.

Candidate scientists who work at facilities, both public and private, under the control of the USDA and the HHS comprise the largest portion of the subjects of the security risk assessments. These candidates are both United States and foreign born. The CJIS Division checks these individuals against ten (10) specific Bioterrorism Prohibitors.

## BIOTERRORISM PROHIBITORS

DATE: 10-11-2007
CLASSIFIED BY 60324 AUC/BAW
REASON: 1.4 (C)
DECLASSIFY ON: 10-11-2032


SECRET

ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED EXCEPT
WHERE SHOWN OTHERWISE

SECRET

To:  St. Louis  From:  CJIS
Re:  322-HQ-C1502075-SRA, 05/31/2006

Candidates may be prohibited from contact with or
control of regulated toxins or biological agents   if the
candidate is reasonably suspected by a federal law enforcement or
intelligence agency of being or is found to be any of the
following:

[1] The candidate has committed a federal crime of
terrorism.

[2] The candidate has involvement with an organization
that engages in domestic or international terrorism or any
organization that engages in international crimes of violence.

[3] The candidate is an agent of a foreign power.

[4] The candidate is under indictment for a crime
punishable for a term exceeding one (1) year.

[5] The candidate has been convicted in any court of a
crime punishable by imprisonment for a term exceeding one (1)
year.

[6] The candidate is a fugitive from justice.

[7] The candidate is an unlawful user of any controlled
substance.

[8] The candidate is illegally or unlawfully in the
United States.

[9] The candidate has been adjudicated as a mental
defective or has been committed to any mental institution.

[10] The candidate has been discharged from the Armed
Forces of the United States under "dishonorable conditions."

SECRET

SE~~CRET~~

To: St. Louis    From: CJIS
Re: 322-HQ-C1502075-SRA, 05/31/2006

### CANDIDATE IDENTIFIERS

The following is a list of identifiers that the
candidate supplied to the CJIS Division. These identifiers
should be used by the person assigned this lead (the reviewer) in
the identification process:

Name (Last, First MI): **POETT, JOSEPH R.**

Date of Birth (MM/DD/YEAR): **09/20/1957**

Place of Birth: **FORT WAYNE, IN**

Social Security Number: **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**

Alien Registration Number: **N/A**

Current Residence: **7417 PARKWOOD DRIVE
                     ST. LOUIS, MO  63116**

Current Employer (Entity): **USDA, FSIS, OPHS, ML
                            ST. LOUIS, MO**

Sponsor: **CENTERS FOR DISEASE CONTROL, ATLANTA, GA**

### DOCUMENT(S) TO BE REVIEWED

The following is a listing of the specific document(s)
to be reviewed by your division:

(S)    b1
       b6
       b7C

### REVIEW PROCESS

The individual assigned this lead will, within ten (10)
working days, review the cited case file document(s) and reply to
_____, **Programs Development Section, CJIS Division
Intelligence Group, Module E3, WV,** by way of an electronic
communication (EC) with the following information:

1. The reviewer's full Bureau name and job title.

2. Date of the review.

3. Indication of whether or not the candidate
   identifiers match the individual in the document.

3

SE~~CRET~~

SECRET

To: St. Louis  From:  CJIS
Re: 322-HQ-C1502075-SRA, 05/31/2006

    a.  "Candidate Match" to specify that the
       individual's information in the reviewed
       document appears to match the above-listed
       candidate identifiers.

    b.  "Candidate No Match" to show that the
       individual's information in the reviewed
       document does not match the above-listed
       candidate identifiers.

    c.  "Unknown Match" to indicate that a match could
       not be determined between the individual's
       information in the reviewed document and the
       above-listed candidate identifiers.

4.  Conditional response

    If the reviewer determines a "Candidate Match" or
    "Unknown Match" as the review result for item
    number 3, then the reviewer must check the contents
    of the reviewed document(s) against the ten (10)
    Bioterrorism Prohibitors and respond either

    a.  "Invalid Match" if the candidate or unknown
       individual does not meet any of the
       disqualifying prohibitors; or

    b.  "Valid Match" if the candidate or the unknown
       individual meets **any** of the ten (10)
       disqualifying prohibitors.  In this case, the
       reviewer must enclose a copy of the reviewed
       document or, in the case of an extremely large
       document, the contextual portion pertaining to
       the candidate and the identified prohibitive
       activities.

    c.  "Unable to Determine" if the reviewer is unable
       to determine either an "Invalid Match" or a
       "Valid Match."  In this case, the reviewer must
       enclose a copy of the reviewed documents or, in
       the case of an extremely large document, the
       contextual portion pertaining to the individual
       in the document
       for the CJIS Division to review and determine
       if further action is warranted.

SECRET

SECRET

To:  St. Louis  From:  CJIS
Re:  322-HQ-C1502075-SRA, 05/31/2006


LEAD(s):

Set Lead 1:   (Action)

    ST. LOUIS

       AT ST. LOUIS, MO


       See **"Documents to be Reviewed"** and compare with
"Candidate Identifiers" and perform analysis as to "Bioterrorism
Prohibitors," following the detailed instructions contained
within the "Review Process" section of this EC.


◆◆

SECRET

**EXHIBIT 4**

1

**OFFICE OF INFORMATION AND PRIVACY**
**U.S. DEPARTMENT OF JUSTICE**
**1425 New York Avenue N.W.**
**Suite 11050**
**Washington, D.C. 20530**

*F. 4*

**JOSEPH POETT**                    **REQUEST No. 1086350-000**

### FREEDOM OF INFORMATION ACT APPEAL

Joseph Poett, the FOIA Requester, by and through his Attorney of Record, Joan

A. Harvill, respectfully appeal the denial of information requested by Joseph Poett in his

Freedom of Information Act Request filed on June 21, 2007, copy attached as Exhibit

"1".

In his FOIA Request Joseph Poett sought information upon which the U.S.

Attorney General's Office relied in its Decision to deny Joseph Poett access to Select

Agents and Toxins in his position as Chemist for USDA. Specifically Joseph Poett

requested the name of the organization that engages in intentional crimes of violence that

Joseph Poett was allegedly involved with. He requested he be apprised of the date or

dates, time or times, place of places of his alleged involvement and a description of what

acts he allegedly engaged in that made him suspect.

None of the foregoing information was provided.

The information Joseph Poett sought was denied by the application of four of the

exemptions listed in 5 U.S.C. 552(b). These are:

1.    "(b)(2) that the information sought related solely to the internal personnel rules

and practices of an Agency."

**08 0622**

Plaintiff did not seek to learn about any personnel rules or practices. Plaintiff

**FILED**

APR 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2

does not seek disclosure of identifying codes, administrative data and any other similar information about the Agency. If the information Joseph Poett does seek is interspersed with such codes or administrative data, Joseph Poett would suggest that such codes and data be redacted and only the information Joseph Poett seeks be divulged.

2.    "(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

Joseph Poett does not seek the personnel files or medical files or similar files of any person other than himself.

Joseph Poett authorized in writing the release of the information requested to his undersigned Attorney at Law. Since Joseph Poett only seeks information pertaining to himself, he has already authorized the release of said information to his Attorney in writing, Exhibit "2". Thus there would be no invasion of personal privacy if information about Joseph Poett is released to his Attorney. If by a wild stretch of the imagination the information Joseph Poett seeks is interspersed with the aforesaid files, of persons other than himself, it is strongly suggested said files be redacted from the information requested by Joseph Poett.

3.    "(b)(7)C records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy."

Joseph Poett seeks information solely regarding what organization he allegedly consorted with on what dates, times, places and a description of the actions he allegedly took. Joseph Poett is not seeking the identity of any police officer, FBI officer, informant or any other individual connected to the allegations. If such information is interspersed with any

3

document, it is suggested said information be redacted before releasing same to Joseph Poett or his Attorney.

4.    "(b)(1) A specifically authorized under criteria established by Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order:"

Joseph Poett is innocent of any wrongdoing. Yet he has been accused of "having a knowing involvement with an organization that engages in domestic or international terrorism or with any other organization that engages in intentional crimes of violence." Based upon that unfounded accusation, Joseph Poett's ability to support his family as a Chemist for USDA is in jeopardy.

Joseph Poett has not been charged or convicted of any such offense. Had he been charged with such an offense he has a Constitutional Right under the Due Process Clause of the Fifth Amendment to the U.S. Constitution to be apprised of the organization he allegedly interacted with; the date, time and actions he allegedly took that comprised the crime he stands accused of. And this is so because he has a Constitutional Right to defend himself and therefore must be apprised of what, how, where and with whom he allegedly committed a criminal act. The accusations levied against Joseph Poett are quite serious especially in these days of terrorist threats. Joseph Poett has a right to defend himself and in order to do so he needs the particulars of what he allegedly did. Hiding behind an "Executive order" to deprive Joseph Poett of basic Constitutional Rights is outrageous.

Under the Freedom of Information Act, 5 U.S.C. Section 552, " a federal agency must disclose agency records unless they may be withheld pursuant to one of the nine

4

enumerated exemptions listed in section 552(b), <u>U.S. Department of Justice v. Julian</u>, 486 U.S. 1, 8 (1988). The "mandate of the FOIA calls for broad disclosure of Government records" and therefore, courts have construed the exemptions to FOIA narrowly to allow for a greater dissemination of information. See <u>Julian</u>, 486 U.S. at 8; <u>F.B.I. v. Abramson</u>, 456 U.S. 615, 621 (1982). Congress created exemptions to protect legitimate governmental and private interest that could be harmed by release of certain types of information, <u>Abramson</u>, 456 U.S. at 621. Exemptions do not apply when the requester is the subject of the report being sought. Further all law enforcement files are not exempt from disclosure. Only those portions that could produce harm if disclosed are exempt, U.S. Dept. Justice v. Julian. 486 U.S. 1.

The four exemptions claimed by the Agency do not serve to protect a legitimate governmental or private interest in this pending case because Joseph Poett is not attempting to obtain any of the information the 4 exemptions cover. Nor is it Joseph Poett's intention to disseminate any information obtained. Rather it is his intent to disprove the allegations lodged against him to protect himself and his family.

In News-Press v. U.S. Dept. of Homeland Security. 489 F.3d 1173 (11th Cir. 2007), the Court held FEMA's exemption (b)(6) was inapplicable where the public need to know outweighed the right to personal privacy and ordered FEMA to release the names and addresses of persons receiving aid from FEMA after 4 hurricanes in Florida where mismanagement of public funds was alleged.

In this pending case, it is in the public interest that the information requested be provided to assure that basic Constitutional Rights be preserved for those unjustly accused of criminal activity. Where such accusations seriously impinge on the accuser's

5

livelihood.

In responding to a FOIA request the agency has been expressly directed by Congress to delete the exempt portions of the documents requested and provide the remainder, F.B.I. v. Abramson, 456 U.S. 615. In this pending case, none of the records requested were provided. Rather all were declared exempt.

Further the Agency in this case when invoking the national defense exemption, (b)(1), gives no explanation for doing so. The government in FOIA request bears the burden of proof to justify invoking the exemption, See, Halpern v. Federal Bureau of Investigation, 181 F.3d 279 (2nd Cir. 1999), where the Court held the government failed to meet its burden of proof and the information withheld by the Agency did not properly fall within the exemption claimed, (b)(1) National Security by Executive order exemption.

The mandate of the FOIA calls for broad disclosure of government records. The Agency in this case has failed to abide by Congressional mandate.

WHEREFORE for all the reasons set forth herein and in the pleadings on file, Joseph Poett respectfully requests the Agency grant this Appeal and order the Agency to obey the FOIA statute. and case law interpreting it. and provide to Joseph Poett the information requested.

Respectfully,

Joan A. Harvill D.C. Bar: 309112
Attorney for Joseph Poett
1629 K. Street N.W.
Suite 300
Washington. D.C. 20006
(202) 466-6346

6

CERTIFICATE OF SERVICE:

I certify a copy of Appellant's Freedom of Information Act Appeal with Brief was

mailed by first class mail, postage prepaid to the following on October 26, 2007:

Office of Information and Privacy, U.S. Department of Justice, 1425 New York Avenue

N.W., Suite 11050, Washington, D.C. 20530-0001.

Joan A. Harvill

EXHIBIT 1

# INTERNATIONAL LAW CENTER
## JOAN A. HARVILL ATTORNEY AT LAW

Tele: (202) 466-6346
Fax: (202) 331-3759
E-mail: Abogadaxyz@aol.com
Member D.C. Bar
Member Texas Bar

1629 K. Street N.W.
Suite 300
Washington, D.C. 20006

June 21, 2007

2217 Princess Anne Street
Suite 218-1
Fredericksburg, Virginia 22401
Tele: (804) 224-9900
Fax:  (804) 224-4038

Federal Bureau of Investigation
CJIS Division
Module E 3
Attn:  FOIA Office
1000 Custer Hollow Road
Clarksburg, West Virginia 26306-0147

Re:     Freedom of Information Act Request
        Petitioner: Joseph Poett
        SSN: 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
        DOB: 09/20/1957

Dear FOIA Officer,

Please be advised this law office has been retained by Joseph Poett to conduct a Freedom of Information Act request on behalf of Joseph Poett.  Enclosed is a copy of a Notarized Statement signed by Joseph Poett authorizing you to release the Documents requested to my law office.

Joseph Poett is a Chemist employed by the U.S. Department of Agriculture in the Food and Safety and Inspection Service located in St. Louis, Missouri. Joseph Poett is a long time employee of the U.S. Department of Agriculture.  Joseph Poett is forty nine years old.  He is married and has a young daughter to support.

On September 11, 2006, Joseph Poett was served with a letter placing him on

...inistrative Leave on the grounds he had been denied access to Select Agents and ...ins based upon information provided by the U.S. Attorney General's Office that Joseph Poett was suspected of knowing involvement with an organization that engages in intentional crimes of violence.

An Appeal of that denial of access to select agents and toxins was filed by mail on September 18, 2006. In June, 2007 the Decision to deny Joseph Poett access to select agents and toxins was affirmed based upon information provided by CJIS.

In order for Joseph Poett to defend himself against the charge of knowing involvement with an organization that engages in intentional crimes of violence, it is necessary that he be apprised of the date or dates, time or times, place or places of his alleged involvement with said organization and a description of what acts he allegedly engaged in that made him suspect. Also the identity of the Organization Joseph Poett was allegedly involved with is necessary.

Upon receipt of this Freedom of Information Act Request, please provide all documents, and information in your possession or utilized by you in reaching the Decision to deny Joseph Poett access to select agents and toxins as set forth herein.

Please notify my law office of your fee for production of this information.

If there are any questions regarding the foregoing, please contact my law office. Thank you for your prompt attention to this matter.

Sincerely,

Joan A. Harvill

Enc: As Stated
Ccc: Joseph Poett

**EXHIBIT 2**

# Authorization

I Joseph Richard Poett, hereby give
Power of Attorney to Joan Harvill, of
1629 K Street, Ste 300, Washington DC ....
to conduct a Freedom of Information Act
request for documents regarding my Denia..
Access to Select Agents and Toxins. The d...
are to be released directly to Ms. Harvill
her address given above.

Respectfully,
Joseph R. Poett 6/15...

Joseph R. Poett
7417 Parkwood Dr
St. Louis, MO 63116
(314) 351-3211

STATE OF Missouri
City of St. Louis

Subscribed and sworn to before
me this 15th day of June, 2007

Karen Lee Stacy
notary Public

KAREN LEE STACY
Notary Public-Notary Seal
State of Missouri, St Louis County
Commission # 06545352
My Commission Expires Mar 30, 2010

**EXHIBIT 5**

**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                          *Washington, D.C. 20530*

**DEC 3 1 2007**

Joan A. Harvill, Esq.
International Law Center
Suite 300                                    Re:     Appeal No. 08-0202
1629 K Street, NW                                    Request No. 1086350
Washington, DC  20006                                ADW:SRO

Dear Ms. Harvill:

     You appealed on behalf of your client, Joseph Poett, from the action of the Headquarters Office of the Federal Bureau of Investigation on his request for access to certain records pertaining to himself.

     After carefully considering your appeal, I am affirming, on partly modified grounds, the FBI's action on your client's request.  The records responsive to your client's request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2).  See 28 C.F.R. § 16.96(a) (2007).  Because these records are not available to your client under the Privacy Act, your client's request has been reviewed under the Freedom of Information Act in order to afford him the greatest possible access to them.

     Some of the information responsive to your client's request is classified.  I am affirming the FBI's withholding of it pursuant to 5 U.S.C. § 552(b)(1), which protects classified information from disclosure.  I am, however, referring this information to the Department of Justice's Department Review Committee (DRC) so that it may determine if this information should remain classified under Executive Order No. 12,958, as amended.  Once the DRC completes its review, this Office will inform you if any information is declassified.

     The FBI properly withheld other information that is protected from disclosure under the FOIA pursuant to:

     5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices; and

     5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

-2-

In addition, my staff has looked into this and has found that the St. Louis Field Office has records that might be responsive to your client's request. If he has not done so already, I suggest that your client submit a new request directly to the St. Louis Field Office. See 28 C.F.R. §§ 16.3(a), 16.41(a) (2007) (requests for records held by FBI field offices must be submitted to the field office directly). Your client may appeal any future adverse determination made by the FBI. The address for the St. Louis Field Office is:

> Federal Bureau of Investigation
> St. Louis Field Office
> 2222 Market Street
> St. Louis, MO  63103-2516

If your client is dissatisfied with my action on your appeal, he may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Janice Galli McLeod
Associate Director