# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH POETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 08-0622 (CKK) |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Defendant by and through its undersigned counsel, hereby answers Plaintiff's Complaint filed on April 22, 2008, and upon information and belief state as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant responds to the numbered paragraphs of Plaintiff's Complaint as set forth below:

1.      This paragraph contains Plaintiff's statement of the case and, as such, requires no response.  To the extent that an answer may be required, Defendant denies.

2.      This paragraph consists of Plaintiff's allegations of jurisdiction and not averments of facts to which an answer is required, but insofar as an answer may be required, Defendant denies.

3.      This paragraph consists of Plaintiff's allegations of venue and not averments of facts to which an answer is required.

4. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

5. Defendant denies, except to admit that pursuant to 5 U.S.C. § 552(f)(1) the U.S. Department of Justice is the proper party Defendant.

6. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

7. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

8. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

9. Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph, except to admit that Plaintiff submitted a Freedom of Information Act ("FOIA")/Privacy Act request to the Federal Bureau of Investigation Headquarters ("FBIHQ") dated June 21, 2007.[1]

10. Defendant admits.

11. Defendant admits that a release of records responsive to Plaintiff's June 21, 2007 FOIA/Privacy Act request was made to Plaintiff under cover of letter dated October 15, 2007, and avers that the FBI released five pages of records to Plaintiff with redactions made pursuant

---

[1] This request was addressed to the Federal Bureau of Investigation, Criminal Justice Information Services ("CJIS") Division, in Clarksburg, West Virginia. The CJIS Division is considered by the FBI to be part of FBIHQ, and, therefore, a request sent to CJIS would be treated as a request to FBIHQ.

to Privacy Act Exemption (j)(2), 5 U.S.C. § 552a(j)(2), and FOIA Exemptions 1, 2, 6, and 7(C), 5 U.S.C. 552(b)(1), (b)(2), (b)(6), and (b)(7)(C).

    12.    Defendant admits.

    13.    Defendant admits and avers that the U.S. Department of Justice ("DOJ"), Office of Information and Privacy ("OIP") upheld the FBI's withholding of information for the records responsive to Plaintiff's request pursuant to Privacy Act Exemption (j)(2), and FOIA Exemptions 2, 6, and 7(C). For the withholdings made pursuant to Exemption 1 of the FOIA, DOJ OIP affirmed but referred the information to the Department of Justice's Department Review Committee to determine if the information should remain classified under Executive Order No. 12958, as amended.

    14.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

    15.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

    16.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

    17.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

    18.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in this paragraph.

    19.    Defendant lacks sufficient knowledge to form a belief as to the truth or falsity of

the allegations in this paragraph.

20.     Defendant denies, except to admit that in its October 15, 2007, release of records responsive to Plaintiff's June 21, 2007 FOIA/Privacy Act request the FBI released five pages of records to Plaintiff with redactions made pursuant to Privacy Act Exemption (j)(2), and FOIA Exemptions 1, 2, 6, and 7(C).

21.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

22.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

23.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

24.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

25.     Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

26.     Defendant admits and avers that it does not provide <u>Vaughn</u> indices at the

administrative stage of a FOIA request.

27. Plaintiff restates the allegations in Paragraphs 1 through 26.

28. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

29. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

30. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

31. Plaintiff restates the allegations in Paragraphs 1 through 30.

32. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

33. Defendant denies the allegations in this paragraph as it contains conclusions of law and not averments of fact, to which no response is required, but insofar as an answer may be required, Defendant denies.

The remaining paragraphs represent Plaintiff's Claim for Relief to which an answer is not required, but insofar as an answer may be required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the complaint.

Dated: June 23, 2008.

                Respectfully submitted,

                /s/
                JEFFREY A. TAYLOR, D.C. BAR # 498610
                United States Attorney

                /s/
                RUDOLPH CONTRERAS, D.C. BAR #434122
                Assistant United States Attorney

                /s/
                CHRISTIAN A. NATIELLO, D.C. BAR # 473960
                Assistant United States Attorney
                Civil Division
                555 4th Street, N.W.
                Room E4112
                Washington, D.C. 20530
                (202) 307-0338