UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH POETT,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil No. 08-622  (CKK) |

MEMORANDUM OPINION
(January 18, 2010)

Plaintiff filed the above-captioned action alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff's lawsuit is based upon his request, under FOIA, for certain records relating to the decision by the Division of Select Agents and Toxins ("DSAT"), within the Centers for Disease Control and Prevention of the Department of Health and Human Services, to deny Plaintiff access to select agents and toxins within the course of his work as a chemist based upon his alleged knowing involvement with a terrorist organization.  In a separate, related action filed before this Court, Plaintiff has also brought suit under the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* ("ADA") challenging the actual decision by DSAT to deny him access to select agents and toxins.  *See Poett v. United States*, Civ. Act. No. 07-1374 (CKK).  In filing this related action under FOIA, Plaintiff indicated that access to the requested records was necessary because, "[i]n order . . . to defend himself against the charge of knowing involvement with an organization that engaged in intentional crimes of violence, it is necessary that he be apprised of the date or dates, time or times, place or places of his alleged involvement with said organization and a description of what acts he allegedly engaged in that

made him suspect [as well as] the identity of the Organization Joseph Poett was allegedly involved with." Complaint, Ex. 1 at p. 2.

On December 22, 2009, the Court issued a Minute Order, in which it noted that "the Government defendants in the related action have just advised the Court that the FBI no longer reasonably suspects Plaintiff of knowing involvement with an organization that engages in domestic or international terrorism or with any other organization that engages in intentional crimes of violence and that Plaintiff is now eligible for access to select agents or toxins." *Id.* In addition, the Court noted that, in the course of litigating the related action, the Government had advised Plaintiff of the underlying basis for its initial decision to deny him access to select agents and toxins and had provided him with the relevant records regarding DSAT's decision. As such, it appeared that Plaintiff's purpose in filing the instant FOIA Action — *i.e.*, to be informed of the "the date or dates, time or times, place or places of his alleged involvement with said organization and a description of what acts he allegedly engaged in that made him suspect [as well as] the identity of the Organization Joseph Poett was allegedly involved with," Complaint, Ex. 1 at p. 2 — had been satisfied. 12/22/09 Min. Order. Accordingly, the Court ordered that, "[g]iven these developments in the related case, the parties in this action shall file a joint status report, no later than January 15, 2010, updating the Court as to the current status of this action and advising the Court as to whether Plaintiff intends to continue to pursue the instant action." *Id.*

As required, the parties filed their Joint Status Report filed on January 15, 2010. *See* Joint Status Report, Docket No. [20]. The Joint Status Report contains no indication that "Plaintiff intends to continue to pursue the instant action," but advises only that a dispute remains

between the parties as to whether Plaintiff is entitled to attorneys' fees and costs. *See id.* Accordingly, as Plaintiff does not indicate in the Joint Status Report that he intends to continue to pursue this action in light of the developments in the related case, the Court shall DISMISS the above-captioned Complaint subject to the filing of Plaintiff's Motion for Attorneys' Fees and Costs. Defendant's pending [15] Motion for Summary Judgment is therefore DENIED as MOOT.

Finally, Plaintiff has indicated that he intends to seek attorneys' fees in this action and requests that a briefing schedule be set for the filing of a motion for attorneys' fees and costs. *See* Jt. Status. Rep., Docket No. [19]. Pursuant to the parties' suggested briefing schedule, Plaintiff shall file his Motion for Attorneys' Fees and Costs by no later than **February 18, 2010**; Defendants' Opposition to Plaintiff's Motion for Attorneys' Fees and Costs shall be due by no later than **March 22, 2010**; and Plaintiff's Reply, if any, shall be due by no later than **April 12, 2010**. An appropriate Order accompanies this Memorandum Opinion.

Date: January 18, 2010

                                                  /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge