UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH POETT,<br><br>    Plaintiff,<br><br>       v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 08-622 (CKK) |

**MEMORANDUM OPINION**
(March 5, 2012)

Presently before the Court are Plaintiff's [29] Objections to the Magistrate Judge's September 30, 2010 Order Denying Plaintiff's Motion for Attorney's Fees and Costs. Plaintiff objects to Magistrate Judge Deborah A. Robinson's [28] Memorandum Opinion and Order ("Mem. Opin."), which found that although Plaintiff was eligible for an award of attorney's fees under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, he was not entitled to such an award. The parties fully briefed Plaintiff's objections, which are now ripe for adjudication.[1] For the reasons state below, the Plaintiff's Objections are OVERRULED and Magistrate Judge Robinson's Memorandum Opinion and Order is AFFIRMED in its entirety.

**I. BACKGROUND**

Magistrate Judge Robinson's Memorandum Opinion and the Court's January 18, 2010 Order set forth the relevant facts of this case in detail, and the Court hereby incorporates those

---

[1] See Pl.'s Obj. to Mag. J. Robinson's Sept. 30, 2010 Order Denying Pl.'s Mot. for Atty's Fees, ECF No. [29] (Pl.'s Obj."); Def.'s Resp. to Pl.'s Obj., ECF No. [30] ("Def.'s Resp."); and Pl.'s Reply to Def.'s Resp., ECF No. [31] ("Pl.'s Reply").

Orders herein. In brief, Plaintiff filed suit alleging Defendant violated the Freedom of Information Act when it withheld certain documents in response to Plaintiff's request for records relating to the decision by the Division of Select Agents and Toxins ("DSAT") to deny Plaintiff access to select agents and toxins within the course of his work as a chemist with the United States Department of Agriculture. DSAT is a division of the Centers for Disease Control and Prevention of the Department of Health and Human services. DSAT denied Plaintiff access to select agents and toxins because of Plaintiff's knowing involvement with a terrorist organization.[2] In response to DSAT's denial, Plaintiff filed a FOIA request "[i]n an effort to clear his name . . . [and] to ascertain the identity of the organization he was allegedly involved with, the acts he allegedly took, and the dates and times of the alleged actions he took." Compl., ECF No. [1], ¶ 9. In response to Plaintiff's request, the FBI produced five redacted pages, and withheld a number of others under various exemptions. Compl., Ex. 3. Plaintiff appealed, and the Department of Justice Office of Information Privacy ("OIP") affirmed the FBI's initial decision. Compl., Ex. 5. The OIP also informed Plaintiff that responsive records may be located at the St. Louis Field Office of the FBI, and suggested Plaintiff file a new FOIA request directly with the St. Louis Field Office. *Id.* at 2.

After the dispositive motions in this case were fully briefed, the Government defendants in Plaintiff's related APA action "advised the Court that the FBI no longer reasonably suspects Plaintiff of knowing involvement with an organization that engages in domestic or international terrorism or with any other organization that engages in intentional crimes of violence and that

---

[2] Plaintiff also filed suit under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, challenging DSAT's decision to deny Plaintiff access to select agents and toxins. *See Poett v. United States*, No. 07-1374 (Filed July 27, 2007).

Plaintiff is now eligible for access to select agents or toxins." 12/22/2009 Minute Order.  In making this revised determination, Defendant released several documents to Plaintiff, including a letter Plaintiff wrote to the British Ambassador in 1992, expressing Plaintiff's regret over his past participation in the Irish Northern Aid Committee in America.  *Poett v. United States*, 657 F. Supp. 2d 230, 234-35 (D.D.C. 2005).  The Court subsequently dismissed the FOIA action subject to Plaintiff filing a motion for attorney's fees.  1/18/2010 Order, ECF No. [21].  Plaintiff filed a timely motion for fees, which the Court referred to Magistrate Judge Robinson for resolution.  Pl.'s Mot. For Atty's Fees and Costs, ECF No. [23]; 2/19/2010 Minute Order.  Magistrate Judge Robinson found Defendant conceded Plaintiff was eligible for an award of fees, but concluded based on the relevant factors that Plaintiff was not entitled to such an award.  Mem. Opin. at 10, 13.  Pursuant to Local Civil Rule 72.2(c), the Court now turns to Plaintiff's objections to Magistrate Judge Robinson's Memorandum Opinion and Order.

## II.  LEGAL STANDARD

Under Local Civil Rule 72.2(b), "[a]ny party may file written objections to a magistrate judge's ruling under [Local Civil Rule 72.2(a) ] within 14 days[.]"  LCvR 72.2(b).  Local Civil Rule 72.2(b) further provides that "[t]he objections shall specifically designate the order or part thereof to which objection is made, and the basis for the objection."  *Id.*  Pursuant to Local Civil Rule 72.2(c), "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law."  *See also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any portion of the [magistrate judge's] order that is *clearly erroneous or is contrary to law*.") (emphasis added).  A court should make such a finding when the court "'is left with the definite

3

and firm conviction that a mistake has been committed.'" *Am. Soc'y for Prevention of Cruelty to Animals v. Feld Entm't*, 659 F.3d 13, 21 (D.C. Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Before awarding a Plaintiff attorney's fees and costs under the FOIA, the court must find that the plaintiff is both eligible and entitled to an award of fees. As Magistrate Judge Robinson explained, "[e]ligibility for attorney['s] fees and costs is predicated upon 5 U.S.C. § 552(a)(4)(E), which authorizes 'reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.'" Mem. Opin. at 6 (quoting 5 U.S.C. § 552(a)(4)(E)(I)). When evaluating whether a plaintiff is entitled to an award of attorney's fees, the court must consider "'(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding.'" *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008) (quoting *Tax Analysts v. Dep't of Justice*, 965 F.2d 1092, 1093 (D.C. Cir. 1992)). Ultimately the court has "broad discretion in deciding whether attorney fees should be awarded on the particular facts of each case." *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 710 (D.C. Cir. 1977).

### III. DISCUSSION

Plaintiff raises five objections with Magistrate Judge Robinson's Memorandum Opinion, only three of which merit any serious consideration, and none of which are persuasive. As an initial matter, the Court notes Plaintiff's first and second objections take issue with Magistrate Judge Robinson's analysis of the relief Plaintiff obtained through this litigation, an issue relating to whether or not Plaintiff is eligible to receive attorney's fees. As Plaintiff admits though,

Defendant conceded Plaintiff was eligible for an award of attorney's fees. Pl.'s Obj. at 2. Magistrate Judge Robinson therefore assumed without deciding that Plaintiff was eligible for an award. Mem. Opin. at 10. Plaintiff's first and second objections are immaterial, and therefore overruled.

Plaintiff's third objection argues that Magistrate Judge Robinson erred in refusing to consider Plaintiff's argument that he served as a "private attorney general," acting to vindicate important constitutional rights on behalf of the public. Pl.'s Obj. at 3. Plaintiff's objection is misplaced for several reasons. First, Plaintiff correctly notes that the Court is not barred from considering equitable factors in addition to the four factors outlined above in determining whether an award of attorney's fees is appropriate.[3] *Id.* (citing *Tax Analysts*, 965 F.2d at 1092). However, Plaintiff fails to cite any authority for the proposition that the Court is *required* to consider equitable factors in deciding a request for attorney's fees. Second, in weighing the first and third factors, Magistrate Judge Robinson properly rejected Plaintiff's argument that filing suit served anything more than his own private interests. Third, the case law cited by Plaintiff does not support a finding that equitable factors or the "public benefit" weigh in favor of an award of attorney's fees in this case. Plaintiff contends that he was "acting in part to safeguard his Constitutional rights and by so doing the Constitutional rights of the public at large." Pl.'s Reply at 3-4. In other words, Plaintiff contends that although the suit was brought only on his own behalf "Plaintiff's successful conclusion of this suit acts as a deterrent to the government

---

[3] Contrary to Plaintiff's assertion, in some cases, one of the "four factors" can be dispositive of whether attorney's fees are appropriate. *Cotton v. Heyman*, 63 F.3d 1115, 1117 (D.C. Cir. 1995) ("[T]here can be no doubt that a party is not entitled to fees if the government's legal basis for withholding requested records is correct.") (quoting *Chesapeake Bay Found. v. U.S. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993)).

visiting similar unconstitutional behavior on other members of the public." Pl.'s Obj. at 4.  By contrast, in each case cited in Plaintiff's Objections, the final judgment directly affected the rights of a class of individuals.  *See Northcross v. Bd. of Ed. of Memphis City Schools*, 412 U.S. 427 (1973) (school desegregation); *Newman v. Pigge Park Enterprises, Inc.*, 390 U.S. 400 (1968) (racial discrimination by multiple restaurants); *Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980) (class action gender discrimination); *Fairley v. Patterson*, 493 F.2d 598 (5th Cir. 1974) (reapportionment).  At best Plaintiff can claim that his suit *might* cause Defendants to respond differently in processing other FOIA requests or other background investigations.  This potential implication for the constitutional rights of others is a far cry from the direct vindication of rights of others that results from the successful prosecution of a reapportionment or school desegregation case.  The equitable exception allowing attorney's fees for private attorney general suits is inapplicable in this case.

Ultimately Plaintiff argues Magistrate Judge Robinson erred in concluding that the public did not benefit from Plaintiff's suit.  The public benefit factor "speaks for an award (of attorneys' fees) where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices."  *Fenster v. Brown*, 617 F.2d 740, 744 (D.C. Cir. 1979) (quoting *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1979)).  The information disclosed to Plaintiff concerns only Plaintiff himself, and will not "add to the fund of public information or result in considerable public dissemination or benefit."  Mem. Opin. at 12.  "The release of any government document benefits the public by increasing citizens' knowledge of their government. Congress did not have this sort of broadly defined benefit in mind," in enacting the FOIA attorney's fee provision.  *Fenster*, 617 F.2d at 744; *but cf. Davy v. CIA*, 550 F.3d 1155, 1159,

1163 (D.C. Cir. 2008) (awarding attorney's fees where plaintiff's suit led to the release of information concerning the assassination of President John F. Kennedy). Even in his purported role as a private attorney general, Plaintiff's suit did not provide a public benefit, and the first factor does not weigh in favor of an award of attorney's fees in this case.

  Plaintiff next argues that Magistrate Judge Robinson erred in finding the Defendant had a "reasonable basis in law" to withhold the documents in question. *Cotton*, 63 F.3d at 1117. Plaintiff contends that the Defendant's initial refusal to produce the documents in question was unreasonable because the documents concerned the Plaintiff and "[a]n exception to disclosure is not permitted where the requestor is the subject of the reports being sought." *Id.* The cases cited by Plaintiff in support of this proposition are inapposite. In *Department of Justice v. Julian*, 486 U.S. 1 (1988), the Supreme Court found that a prisoner's presentence investigation report was not categorically exempt from disclosure under FOIA Exemptions 5 (inter- or intra- agency memoranda) and 7 (records compiled for law enforcement purposes). *Id.* at 14. The fact that presentence investigation reports are not categorically exempt from disclosure does not mean that all information pertaining to the person making the request must be disclosed. The Supreme Court's decision in *Julian* is also inapplicable to this case because Defendant invoked the Privacy Act and other FOIA Exemptions in withholding the documents requested by Plaintiff, and some of the documents ultimately produced to Plaintiff were not even located at FBI headquarters, and thus not subject to Plaintiff's request. Compl., Ex. 5; Second Decl. of D. Hardy, ¶ 7. The holding in *Ray v. FBI*, 441 F. Supp. 2d 27 (D.D.C. 2006) was likewise limited and inapplicable to Plaintiff's request. In *Ray*, Chief Judge Royce C. Lamberth found that the FBI could not refuse to provide information relating to the requesting party because the

requesting party was a confidential informant. *Id.* at 36-37. Since the plaintiff in *Ray* waived the confidentiality agreement under which he provided the information to the FBI, the plaintiff "accept[ed] any risk attendant to disclosure of the records," and the court found the FBI could not invoke the informant exception. *Id.* In this case, Plaintiff requested information that relates to him, but not information that he provided to the FBI. Thus *Ray* does not support a finding that Defendant's decision to withhold the records in this case was unreasonable.

Plaintiff further argues that Defendant acted in bad faith in withholding the documents in question because the Declaration of David M. Hardy, filed with Defendant's *Vaughn* Index in September 2008, did not disclose the 1992 letter, even though it had already been declassified. Pl.'s Obj. at 4-5. However, Magistrate Judge Robinson noted that the 1992 letter was located at "other FBI Field Offices," not FBI Headquarters, and thus was not within the scope of the first Hardy Declaration. Mem. Opin. at 11; *accord* Decl. of D. Hardy, ECF No. [10-1], at ¶¶ 1, 6, 13. The FBI Headquarter's failure to disclose a document located at a specific field office is not indicative of bad faith. *Church of Scientology of Cal. v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986) (noting an agency is "not technically required" to search field offices in response to FOIA requests sent to the agency's headquarters). Plaintiff does not dispute any of Magistrate Judge Robinson's other findings regarding the reasonableness of the Defendant's conduct. Therefore Magistrate Judge Robinson did not clearly err in finding the reasonableness of Defendant's withholding of the documents in question weighed against awarding Plaintiff attorney's fees in this case.

Plaintiff's final objection asserts that Magistrate Judge Robinson erred in finding the second and third factors for determining entitlement to attorney's fees weighed against an award

of fees in this case.  "The second and third factors, which are often considered together, assess whether a plaintiff has 'sufficient private incentive to seek disclosure' without attorney's fees." *Davy*, 550 F.3d at 1160.  Magistrate Judge Robinson concluded that although Plaintiff's goal in requesting the records in question was not commercial, "[e]ach of [Plaintiff's] stated goals is entirely personal in nature."  Mem. Opin. at 12.  The Court agrees.  Even in his objections, Plaintiff lists his goals in filing suit as determining "why his Constitutional Rights were violated along with governing statutory and case law when he was labeled a 'terrorist'," and to "retain his employment and continue to be able to support his family."  Pl.'s Obj. at 6 (errors in original).  "When a litigant seeks disclosure for a commercial benefit *or other personal reasons*, an award of fees is usually inappropriate."  *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) (emphasis added).  "[T]he requesting party's 'motive need not be strictly commercial' to cut against an award of attorney fees—'any private interest will do.'" *United Am. Fin., Inc. v. Potter*, 770 F. Supp. 2d 252, 257 (D.D.C. 2011) (quoting *Tax Analysts*, 965 F.2d at 1095).  Plaintiff may not have been seeking a commercial benefit in filing suit, but his motivations were admittedly personal in nature, which weighs against an award of attorney's fees and costs in this case.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's objections to Magistrate Judge Robinson's Memorandum Opinion and Order are OVERRULED.  Plaintiff's objections to the discussion of his eligibility are irrelevant since Defendant conceded Plaintiff is eligible for an award of fees.  Magistrate Judge Robinson did not err in refusing to consider equitable factors, and in any case the equitable concerns do not weigh in favor of an award of fees.  Additionally, Magistrate Judge Robinson correctly found Defendant's initial refusal to produce the documents in question had a

reasonable basis in law.  Finally, the Court agrees with Magistrate Judge Robinson that although Plaintiff did receive a commercial benefit from the lawsuit, his interests in pursuing the suit were entirely personal.  The relevant factors weigh against an award of attorney's fees in this case and the Court in its discretion does not award Plaintiff attorney's fees and costs.  Therefore, Plaintiff's Objections are OVERRULED, and Magistrate Judge Robinson's Memorandum Opinion and Order is AFFIRMED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 5, 2012

                                                           /s/
                                            **COLLEEN KOLLAR-KOTELLY**
                                            United States District Judge